UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM SPANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:25-cv-260 |
| CIRCLE K STORE, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. No. 13). The motion is ripe for review and will be granted for the reasons that follow.

### I. FACTUAL & PROCEDURAL BACKGROUND

On February 3, 2024, William Spann was employed by Circle K Stores, Inc. ("Circle K") at its location at 1090 Murfreesboro Pike Nashville, TN 37217. (Doc. No. 1-1 ¶¶ 2, 4). While working that evening, Mr. Spann was assaulted after confronting a shoplifter. (Id. ¶ 6). Mr. Spann alleges that theft was common at the store; however, Circle K did not employ a full-time security guard to protect its employees. (Id. ¶ 7). Mr. Spann claims he witnessed his manager confronting shoplifters, so he believed he should do the same. (Id. ¶ 8).

Mr. Spann sued Circle K and some "John Does" in Davidson County Circuit Court for (1) negligently failing to protect its premises with a security guard; (2) intentionally failing to protect its employees, including Mr. Spann; (3) negligently training and supervising its employees; and (4) negligent infliction of emotional distress. (See generally, Doc. 1-1). Defendants removed the state court action to this Court, (Doc. No. 1), and filed a Motion for Judgment on the Pleadings. (Doc. No. 13). In its Motion and Supporting Memorandum, Defendants argue that Plaintiff's claims are barred by the Tennessee Workers Compensation Act ("TWCA"). (Doc. Nos. 13 and

14). Plaintiff disagrees, arguing that Circle K's intentional acts are excepted from the TWCA's exclusive remedy provision, and that regardless, dismissal without discovery is premature. (Doc. Nos. 15 and 16). Defendants reply that Plaintiff has not alleged any intentional act that would fall under the exception to the TWCA's exclusive remedy provision and that discovery will not change the facts. (Doc. No. 18).

## II. LEGAL STANDARDS

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is evaluated using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Hasting v. First Cmty. Mortg., No. 3:17-CV-00989, 2018 WL 5808727, at *2 (M.D. Tenn. Nov. 6, 2018) (citing Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 n.1 (6th Cir. 1988)). When assessing a Rule 12(b)(6) or 12(c) motion, the Court must accept the Complaint's factual allegations as true, draw all reasonable inferences in Plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). To survive a motion for judgment on the pleadings, the complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." Eidson v. State of Tenn. Dept. of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id.

## III. ANALYSIS

The TWCA is the exclusive remedy for claims by employees against their employer when the injury "arise[s] out of the work and occur[s] in the course of employment.'" Doe v. Matthew 25, Inc., 322 F. Supp. 3d 843, 852 (M.D. Tenn. 2018) (quoting Padilla v. Twin City Fire Ins. Co., 324 S.W.3d 507, 511 (Tenn. 2010)). "[A]n injury generally arises out of and is in the course of

2

employment if it has a rational connection to the work and occurs while the employee is engaged in the duties of [her] employment." Coleman v. St. Thomas Hosp., 334 S.W.3d 199, 204 (Tenn. Ct. App. 2010) (collecting cases). While workers' compensation covers most workplace injuries, it "does not reach every injury merely because it took place in the workplace or involved coworkers." Rositano v. Freightwise, LLC, 2021 WL 1174589, at *3 (M.D. Tenn. Mar. 26, 2021).

"The requirement that the injury 'arise out of' the work refers to the cause or origin of the injury[,]" and the "requirement that the injury occur 'in the course of' the work involves the time, place, and circumstances of the injury." Bernard v. Amazon.com Servs., LLC, 2025 WL 2306950, at *3 (M.D. Tenn. Aug. 11, 2025) (citing Padilla, 324 S.W.3d at 511). There is no doubt that Mr. Spann's injury occurred "in the course of work," because he was assaulted inside a Circle K store while on the clock. (Doc. No. 1-1 ¶¶ 4, 6). The Court also has little trouble finding that Mr. Spann's injury arose out of work because he confronted a customer who was stealing from his employer. (Id. ¶¶ 5-6); see also Gray v. McDonald's Corp., 2011 WL 13116678, at *3 (W.D. Tenn. Mar. 14, 2011); Wait v. Travelers Indem. Co. of Illinois, 240 S.W.3d 220, 227 (Tenn. 2007) ("When an assault has an 'inherent connection' to the employment it is compensable [under the TWCA]."). In other words, there is a rational connection between Mr. Spann's job as a store clerk, his duty to protect the store's merchandise, and his decision to confront a shoplifter.

This case also appears to fall under the street-risk doctrine, which brings random assaults by third parties within the ambit of the TWCA. See Wait, 240 S.W.3d at 229 (discussing the doctrine and collecting cases). The "street risk" doctrine supplies the required causal connection between the employment and the injury where the employment involves "indiscriminate exposure to the general public." Hudson v. Thurston Motor Lines, Inc., 583 S.W.2d 597, 602 (Tenn. 1979). In Jesse v. Sav. Prods., the Supreme Court of Tennessee applied the "street risk" doctrine to supply

3

Case 3:25-cv-00260    Document 19    Filed 10/06/25    Page 3 of 5 PageID #: 92

the causal connection where an employee was raped by a customer on her employer's premises while she was performing her work duties as a convenience store clerk. 772 S.W.2d 425, 427 (Tenn. 1989). The Jesse decision supplies the result in this case.

Despite this, Mr. Spann argues his claims fall under an exception to the TWCA for the intentional torts of an employer. (Doc. No. 16 at 2-3). Tennessee recognizes an exception to the TWCA's exclusivity provision for intentional torts committed by an employer against an employee. Id. (citing Mize v. Conagra, Inc., 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987) and King v. Ross Coal Co., 684 S.W.2d 617, 620 (Tenn. Ct. App. 1984)). The exception does not apply to "accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of general intentional injury ...." Valencia v. Freeland & Lemm Constr. Co., 108 S.W.3d 239, 242-43 (Tenn. 2003); see also McCall v. Nat'l Health Corp., 2006 WL 2523970, at *2 (Tenn. Ct. App. Aug. 31, 2006) (stating that "employees [who are injured at work] are precluded from suing employers at common law for their injuries unless the employee can show that the employer intentionally injured the employee."). "[P]roof of actual intent goes beyond that sufficient to prove gross negligence or even criminal negligence." Bellomy v. Autozone, Inc., 2009 WL 4059158, at *11 (Tenn. Ct. App. Nov. 24, 2009) (citing Gonzales, 857 S.W.2d at 45); see also Benitez v. Tyson Fresh Meats, Inc., 2022 WL 1283087, at *77 (M.D. Tenn. Apr. 28, 2022)).

The factual allegations in the Complaint do not support an inference that Circle K "actually intended" for a shoplifter to attack and seriously injure its employee, Mr. Spann. At best, the allegations show that Circle K knew its stores were prone to shoplifting and did not take affirmative steps to protect its employees from shoplifters. (Id. ¶ 9) (Plaintiff suffered serious injury due to Defendant failing to enforce its own guidelines, failure to retain appropriate security personnel,

4

failure to provide suitable protection for its employees all for dangers and situations that were well-known to the store."). While this may be proof of negligence, gross negligence, or recklessness, it is not proof that Circle K actually intended for a shoplifter to enter its store and assault its employee. Because the Complaint does not contain any allegations that could support a finding of actual intent, the exception to TWCA does not apply here.

## IV.    CONCLUSION

Plaintiff's common law claims are barred by the TWCA and, therefore, fail as a matter of law. Accordingly, Defendants' Motion for Judgment on the Pleadings (Doc. No. 13) is **GRANTED**. The Clerk shall enter judgment in favor of Defendants and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE